UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA INMAN,

       Plaintiff,

v.                                 CASE NO. 3:13-cv-941-J-32MCR

RICHMAN PROPERTY SERVICES, INC.,

       Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel ("Motion

to Compel") (Doc. 28), Defendant's Opposition thereto ("Opposition") (Doc. 31),

and Plaintiff's Response Regarding Timeliness and Incorporated Motion for

Leave to File Motion to Compel ("Response") (Doc. 38).  For the reasons stated

herein, the Motion to Compel is due to be **DENIED** as untimely in light of the

Court's Case Management and Scheduling Order ("CMSO") and the discovery

deadline of June 27, 2014.

On August 6, 2013, Plaintiff Brenda Inman ("Inman" or "Plaintiff") filed a

Complaint against her former employer, Richman Property Services, Inc. ("RPS"

or "Defendant"), for alleged discrimination and retaliation under the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, disability discrimination

under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42

U.S.C. § 12101 *et seq.*, and retaliation in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.  (Doc. 1.)  On September

13, 2013, Defendant filed an Answer and Affirmative Defenses.  (Doc. 7.)

On October 24, 2013, the Court entered a CMSO, setting June 27, 2014 as

the discovery deadline in this case.  (Doc. 11.)  The CMSO provides in relevant

part:

> With respect to discovery matters, the date set forth above is the
> final date discovery shall be completed.  All requests and motions
> pertaining to discovery shall be filed promptly so that the discovery
> desired will be due prior to the completion date.  Specifically, motions
> to compel brought pursuant to Rule 37 must be filed no later than the
> close of discovery.

(*Id.* at 2).

On July 31, 2014, Plaintiff filed the Motion to Compel seeking disclosure of

communications made during a conference call that occurred on June 1, 2012

regarding Plaintiff's employment and termination from RPS.  (Doc. 28.)  The

conference call involved Jessica Daugherty (Vice President of Florida Property

Operations for RPS at the time), Theresa Eastwood Davis (Regional Property

Manager for RPS), Doreen Kennedy (Director of Human Resources for RPS at

the time), Ida Lazar (Human Resources Generalist for RPS), Joanne Flanagan

(General Counsel for RPS), and Patrick E. Gonya, Jr. (outside legal counsel for

RPS).  (Doc. 31 at 1-2.)  Plaintiff also seeks disclosure of twelve emails

exchanged between RPS and Mr. Gonya on June 1, 2012 regarding the same

subject matter, to the extent these documents do not contain defense counsel's mental impressions or legal advice.  (Doc. 28 at 5-6; Doc. 31 at 2; Doc. 38 at 2.)

Plaintiff argues Defendant has effectively blocked her from discovering the facts underlying her termination.  (Doc. 28 at 4.)  Plaintiff asserts Defendant "has concealed the reasons for [her] termination under the cloak of attorney-client privilege," which allegedly became clear at the June 24, 2014 deposition of Ms. Lazar.  (*Id.* at 2-3.)  Therefore, Plaintiff requests that discovery be reopened for the purpose of reopening the depositions of Ms. Lazar and Ms. Eastwood Davis regarding the June 1, 2012 telephone conversation concerning Plaintiff's termination, that Defendant be ordered to produce the documents in its privilege log that relate to the facts of the June 1, 2012 telephone discussion concerning Plaintiff's termination, and that Plaintiff be awarded attorney's fees and costs incurred in making the Motion to Compel.  (*Id.* at 7.)

In the Opposition, Defendant argues the Motion to Compel should be denied on the basis of untimeliness and because it seeks information protected by the attorney-client privilege, as Mr. Gonya provided legal advice and opinions with respect to Plaintiff's employment and proposed termination during the June 1, 2012 call.  (Doc. 31.)  Defendant avers it served written responses to Plaintiff's First Set of Interrogatories on January 13, 2014 (Doc. 28-1).  (Doc. 31 at 4.)  In response to Interrogatory Nos. 2, 14 and 15, Defendant provided information regarding the reasons for Plaintiff's termination on June 1, 2012, and also

3

objected to those interrogatories to the extent they sought disclosure of information protected by the attorney-client privilege.  (*Id.*)  Plaintiff did not challenge the sufficiency of Defendant's answers or objections to these interrogatories.  (*Id.*)

Further, on March 12, 2014, Defendant served on Plaintiff a privilege log identifying, among other things, the June 1, 2012 emails as protected from disclosure by the attorney-client privilege.  (*Id.*)  Again, Plaintiff did not challenge the sufficiency of the privilege log.  (*Id.*)  Additionally, on May 2, 2014, Plaintiff requested the deposition of Ms. Eastwood Davis, which was taken on June 9, 2014.  (*Id.*)  When Plaintiff's counsel asked Ms. Eastwood Davis questions regarding the June 1, 2012 call, Defendant's counsel objected and instructed her not to answer based upon the attorney-client privilege.  (Doc. 31 at 4-5.)  Further, on June 24, 2014, Plaintiff took the deposition of Ms. Lazar.  (Doc. 31 at 5.) Defendant's counsel instructed Ms. Lazar not to answer questions regarding the June 1, 2012 call based upon the attorney-client privilege.  (*Id.*)

It was not until June 27, 2014, the discovery deadline, that Plaintiff raised the issue of attorney-client privilege with Defendant.  On that day, Plaintiff's counsel sent an e-mail to Mr. Gonya, stating in relevant part:

> Based upon the testimony of both Teresa Eastwood-Davis and Ida Lazar, we do not think any privilege attached to the June 1, 2012 termination discussion involving you, Eastwood, Lazar, Doreen Kennedy and Jennifer Flannigan [sic].  Unless you are aware of and provide convincing authority that allows for an attorney client

4

privilege assertion where the key decision is at issue, i.e., the termination, we will be moving to compel on the documents and for testimony of Ms. Eastwood-Davis, Ms. Lazar and possibly others.

(Doc. 31 at 32.)

The same day, Mr. Gonya responded as follows:

. . . [W]e object to any attempt by you to discover my confidential privileged communications with my client, including on June 1, 2012, regarding my legal advice on your client's termination.  Nothing in the depositions of Eastwood or Lazar adversely impacts this analysis. The record evidence is very clear on my client's reasons for your client's termination.  You're not entitled to my legal advice concerning those reasons or the application of any law to those reasons. . . .

(*Id.*)

On July 31, 2014, or over one month after the discovery deadline, six months after receiving interrogatory responses containing Defendant's objections on attorney-client privilege grounds, four months after receiving the privilege log, and over six weeks after the deposition of Ms. Eastwood Davis, Plaintiff filed the Motion to Compel.  On August 21, 2014, noting that "Plaintiff did not acknowledge or provide any explanation for the untimely filing," the Court entered an Order giving Plaintiff an opportunity to respond to Defendant's arguments regarding timeliness by filing a supplemental brief no later than August 29, 2014.  (Doc. 33 at 3.)

On August 29, 2014, Plaintiff filed her Response requesting leave to file, *nunc pro tunc*, the Motion to Compel out of time. (Doc. 38.)  Plaintiff asserts that

during the June 9, 2014 deposition of Ms. Eastwood Davis, Plaintiff became

aware, for the first time, that "outside counsel, or in-house counsel, was on the

critical June 1st phone call in which the decision to terminate Plaintiff was made."

(*Id.* at 3.)  In addition, Plaintiff points out that at the June 24, 2014 deposition of

Ms. Lazar, "Ms. Lazar specifically stated that she was not seeking legal advice

during the June 1st call and was unaware if anyone else was seeking legal advice

during the call," yet Defendant continued "to assert the attorney client privilege

objection concerning the June 1st call."  (*Id.* at 4.)  Plaintiff then states:

> [I]t was not until counsel was able to study the Ida Lazar deposition
> transcript [which was emailed to him on July 15, 2014] and carefully
> consider all of the facts gathered as well as the context of the
> discussion as one leading to the ultimate employment decision in the
> case, i.e., Plaintiff's termination, that it appeared even more likely
> that the privilege assertion regarding the June 1st conversation was
> improperly made.  Additionally, the Lazar testimony revealing that
> apparently no one was seeking legal advice also made clear that the
> "facts" in the June 1, 2012, documents set forth on Defendant's
> privilege log would not be privileged.  Thereafter, on July 23, 2014,
> Defendant filed a motion for leave to exceed the page number length
> for its motion for summary judgment.  (Doc. 26).  The nature of the
> factual/legal issues set out in paragraph 2 of Defendant's motion was
> also noted by Plaintiff in considering the attorney client privilege
> assertion by Defendant with regard to the June 1st teleconference.

(*Id.* at 4-5.)  After reiterating the sequence of events, Plaintiff states: "All of these

facts regarding Plaintiff's consideration of the issue taken together, demonstrate

excusable neglect in Plaintiff's delayed filing of the Motion to Compel.

Accordingly, good cause exists to accept Plaintiff's Motion to Compel out of time."

(*Id.* at 6.)

6

The Motion to Compel is due to be denied as untimely in light of the CMSO and the discovery deadline of June 27, 2014.  As an initial matter, Plaintiff did not even address the timeliness issue until prompted to do so by the Court on August 21, 2014.  Upon consideration of the parties' arguments and the circumstances in this case, the Court finds that Plaintiff has not demonstrated good cause and excusable neglect for filing the Motion to Compel over a month after the discovery deadline and for modifying the Case Management and Scheduling Order.

Plaintiff must demonstrate good cause for modifying the CMSO under Rule 16(b)(4), Fed.R.Civ.P.  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted); *see also* Middle District Discovery (2001) at I.F.2.  In addition, because the Motion to Compel was filed after the discovery deadline, Plaintiff must also demonstrate excusable neglect under Rule 6(b)(1), Fed.R.Civ.P.  "[R]elevant factors in evaluating excusable neglect include the length of the delay and whether the delay was within control of the movant." *Sosa*, 133 F.3d at 1418 n.2 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In the present case, it is undisputed that Defendant raised objections to Plaintiff's discovery on attorney-client privilege grounds as early as January 13, 2014 (in response to Plaintiff's First Set of Interrogatories), and again on March

7

12, 2014 (as part of Defendant's privilege log), on June 9, 2014 (at Ms. Eastwood Davis's deposition), and on June 24, 2014 (at Ms. Lazar's deposition).  Plaintiff did not challenge Defendant's asserted privilege until the last day of the discovery period when her counsel sent an e-mail to defense counsel stating, in part, that based on the deposition testimony of Ms. Eastwood-Davis and Ms. Lazar, Plaintiff did not think that "any privilege attached to the June 1, 2012 termination discussion" and that Plaintiff would be filing a motion to compel unless Defendant provided "convincing authority" to support its privilege assertion.

Plaintiff has not provided a reasonable explanation for waiting until the last day of the discovery period to try to resolve the issue with Defendant's counsel, and for her failure to seek an extension of the discovery deadline and/or to file a motion to compel either before or promptly after receiving Mr. Gonya's June 27, 2014 response.  *See, e.g.*, *Chevola v. Cellco Partnership*, 2007 WL 3379779, *1 (M.D. Fla. Nov. 14, 2007) ("[T]he Court expects the parties to address discovery disputes promptly-before the discovery deadline passes or soon thereafter.").  Even assuming that until the June 9, 2014 deposition of Ms. Eastwood Davis, Plaintiff was not aware that Defendant's counsel was on the June 1, 2012 phone call, Plaintiff had over two weeks, from June 9, 2014 until the close of discovery, to raise this issue with Defendant and/or the Court.

Plaintiff asserts that she needed "to study the Ida Lazar deposition transcript" before drafting the Motion to Compel.  However, Plaintiff does not

8

explain why she did not seek an extension of the discovery deadline prior to its expiration when Plaintiff was apparently contemplating raising the privilege issue with the Court. Plaintiff further attempts to justify her belated filing by pointing to a paragraph in Defendant's Motion for Leave to Exceed Page Limit on Motion for Summary Judgment, which was filed on July 23, 2014, and which allegedly influenced Plaintiff's decision to file the Motion to Compel. However, upon review of the subject paragraph, the Court finds Plaintiff's justification unconvincing.

The circumstances in this case demonstrate that the delayed filing of the Motion to Compel was largely due to Plaintiff's lack of diligence. Plaintiff does not argue that anything beyond her control prevented her from seeking a timely extension of the discovery deadline or filing the Motion to Compel prior to the close of discovery.[1] In fact, Plaintiff admits that she "should have sought an extension of the discovery motion deadline prior to or on the discovery close date." (Doc. 35 at 5.) Therefore, the record indicates that the delay was within Plaintiff's control.

Moreover, Plaintiff's counsel was fully aware of the provisions of the Case Management and Scheduling Order, as indicated by his May 16, 2014 e-mail to opposing counsel, which read in part: "We have a June 27 close of discovery date." (Doc. 31 at 22.) The CMSO provides, in relevant part, that all motions

---

[1] The unavailability of the transcript of Ms. Lazar's deposition did not prevent Plaintiff from timely seeking an extension of the discovery deadline or filing the Motion to Compel.

pertaining to discovery must "be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date" (Doc. 11 at 2).  *See also Chevola*, 2007 WL 3379779, at *1 ("This district follows the rule that the completion date for discovery means just that-*all discovery must be completed by that date*.") (citing Middle District Discovery (2001) at I.F.1. (emphasis in original)).  As stated earlier, Plaintiff's Motion to Compel was not filed promptly.

Further, it does not clearly appear that the requested relief will not necessitate the continuance of the trial.  *See* Middle District Discovery (2001) at I.F.2. ("Motions for extension of discovery time are treated with special disfavor if filed after the discovery completion date and will normally be granted only if it clearly appears that an extension will not necessitate the continuance of a scheduled trial.").  By asking the Court to reopen discovery for an unspecified period of time, Plaintiff essentially expects the Court to create an open-ended extension of the discovery period, which will most likely affect not only the pre-trial schedule of the case, but also the trial date, which is currently set for the term commencing December 1, 2014.  Therefore, based on the foregoing, the Motion to Compel and the Incorporated Motion for Leave to File the Motion to Compel out of time are due to be denied.[2]  Plaintiff's request for attorney's fees and costs

---

[2] Although the parties may stipulate to the continuance of discovery, the Court "will not hear discovery disputes arising during the stipulated continuance."  (Doc. 11 at 2.)

incurred in making the Motion to Compel is also due to be denied.  *See*

Fed.R.Civ.P. 37(a)(5)(B).

Accordingly, it is **ORDERED**:

The Motion to Compel (**Doc. 28**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on September 16, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

11